**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Telephone: (415) 563-8583
Facsimile: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

**Tai C. Bogan (SBN 241784)**
**THE BOGAN LAW FIRM**
1202 "H" St., Suite D
Modesto, California 95354
Telephone: (209) 566-9591
Facsimile: (209) 566-9668
e-mail: taiboganlaw@gmail.com

*Attorneys for Plaintiff*,
JERRY MOORE

**Ted Daniel Wood, Deputy City Attorney**
**(State Bar No. 191768)**
**Stockton City Attorney's Office**
425 N. El Dorado Street, Second Floor
Stockton, CA  95202
Telephone:  (209) 937-8914
Facsimile:  (209) 937-8898
e-mail: Ted.Wood@stocktongov.com

*Attorneys for Defendants*,
CITY OF STOCKTON, PAUL DONA,
GREGORY DUNN, JEREMY EDENS,
THOMAS HULBURT, GERARDO MUNOZ,
TERESA WENTLAND, RICHARD
MADDERN, and TIMOTHY SWAILS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| **JERRY MOORE**, <br><br> Plaintiff, <br><br> vs. <br><br> **CITY OF STOCKTON, a municipal corporation, STOCKTON POLICE OFFICERS Paul Dona, Individually, Gregory Dunn, Individually, Jeremy Edens, Individually, Thomas Hulburt, Individually, Gerardo Munoz, Individually, Teresa Wentland, Individually, STOCKTON POLICE SERGEANTS Richard Maddern and Timothy Swails, in their individual and supervisory capacities, and DOES 1 THROUGH 40, Jointly and Severally,** <br><br> Defendants. | Case No. 2:13-cv-02104-WBS-EFB <br><br> **STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME TO COMPLETE VOLUNTARY DISPUTE RESOLUTION PROGRAM (VDRP) UNDER LOCAL RULE 271 AND TO EXTEND DEADLINES FOR EXPERT DISCLOSURE, RULE 26(a)(2) REPORTS, AND REBUTTAL EXPERT DISCLOSURE** |

The parties respectfully submit the following Stipulation and Proposed Order:

## STIPULATION

**WHEREAS**, the parties to the above-entitled action have agreed to participate in the Voluntary Dispute Resolution Program ("VDRP") and were referred to the program on June 19, 2015 (Dkt. 28). The parties selected a neutral from the list provided, one Marc Fong, Esq., and, once the parties were contacted by Mr. Fong, a session was ultimately scheduled for November 12, 2015. Counsel for the parties has been in touch during the intervening time period and the issues concerning this case have been discussed. Counsel for Defendants has worked diligently to request documentation from Plaintiff's counsel needed for their case evaluation since the case was submitted to the VDRP program. Counsel for the Plaintiff has been working to obtain all the records and medical bills needed in order to conduct a meaningful VDRP session; however, unfortunately, there are still some missing bills and records, despite the submission of numerous requests. Part of the problem appears to be the record keeping system employed by one provider in particular.

Furthermore, in the course of preparing this case, it has become apparent to the undersigned counsel for the Plaintiff that additional information and elaboration is needed concerning the nature and extent of Plaintiff's injuries, including his residual injuries, his future prognosis, and the need for medical care in the future. Plaintiff's counsel cannot meaningfully evaluate the case and formulate an informed demand prior to the November 12, 2015 VDRP session without further elucidation on these issues. The information and elaboration that is needed will not be available in time for the November 12, 2015 session. Accordingly, the undersigned notified counsel for the Defendants, as well as Mr. Fong, of this issue and requested that the session be re-scheduled to December, by which time we are very optimistic that we will have what is needed to appropriately participate in VDRP. **A replacement date that is mutually agreeable for the parties and Mr. Fong has been selected: December 14, 2015**. **Plaintiff's counsel wishes to emphasize that the need to re-schedule the VDRP session is due entirely to the foregoing reasons and is *in no way whatsoever attributable to,***

**Stipulation & [Proposed] Order to Extend Time to Complete VDRP & Extend Expert Deadlines:
Case No. 2:13-cv-02104-WBS-EFB**

2

*nor the fault of, the Defendants*. Defense counsel is ready and willing to proceed with VDRP, as soon as Plaintiff's counsel can deliver a demand to commence the process.

Local Rule 271(j)(1) provides, in relevant part that: "the session shall be held as soon as reasonably possible, but no more than ninety-one (91) days after the Neutral is selected, unless otherwise ordered by the Court[.]" Here, the VDRP session will be held outside of these temporal parameters. The parties have met-and-conferred, however, and are aware of the general nature of the case and the issues presented. The parties still wish to make a good faith effort at participating in VDRP prior to engaging in full-blown litigation because this will provide the opportunity to avoid the needless expenditure of money and the accrual of attorney's fees for a case that may be resolvable through the VDRP and negotiation. These interests are part of the purpose of the VDRP, as set forth in Local Rule 271(a)(1). Thus, extending the time period within which to complete VDRP under Local Rule 271(j)(1) advances the central purposes of Local Rule 271.

Accordingly, based on the circumstances described above, the parties respectfully and jointly request that the Court issue a further order, extending the deadline within which to hold the VDRP session to **December 31, 2015**. The parties fully expect the session to proceed on December 14, 2015. Plaintiff's counsel is diligently marshaling all needed documentation.

**WHEREAS**, the current Scheduling Order (Dkt. 24) sets forth the following Expert Disclosure Deadlines and Rebuttal Expert Disclosure Deadlines:

> Expert Disclosure and Rule 26(a)(2) Reports must be produced by no later than: **December 7, 2015**.
> Rebuttal Expert Disclosure and Rule 26(a)(2) Reports must be produced on or before: **January 11, 2016**[1]

As explained above, the parties have scheduled a mediation session on **December 14, 2015**. In order to advance the interests articulated in Local Rule 271(a)(1) and give the VDRP

---

[1] The Status (Pretrial Scheduling) Order states "January 11, 2015" – but the parties presume this meant January 11, 2016.

mediation session a chance, the parties wish to extend the Expert and Rebuttal Expert disclosure deadlines to an appropriate date, which requires amending the scheduling order.

**WHEREFORE**, THE PARTIES HEREBY STIPULATE and respectfully request the following:

(1) That the deadline within which to hold the VDRP session be extended to **December 31, 2015**; and,

(2) That the Scheduling Order (Dkt. 24) be amended or modified to reflect the deadlines listed below:

Expert Disclosure and Rule 26(a)(2) Reports must be produced by no later than: **February 15, 2015**;

Rebuttal Expert Disclosure and Rule 26(a)(2) Reports must be produced on or before: **March 21, 2015**.

All other deadlines, hearings, and the Pretrial Conference and Trial dates would remain as set.

Dated: November 9, 2015          Respectfully Submitted,

**LAW OFFICE OF SANJAY S. SCHMIDT**
**and**
**THE BOGAN LAW FIRM**

*/s/ Sanjay S. Schmidt*
By: SANJAY S. SCHMIDT
*Attorneys for Plaintiff*

Dated: November 9, 2015          Respectfully Submitted,

**STOCKTON CITY ATTORNEY'S OFFICE**

*/s/ Ted D. Wood* (as authorized on 11/06/15)[2]
by: TED D. WOOD
*Attorneys for Defendants*

---

[2] Pursuant to Local Rule 131(e), approval has been obtained from counsel to submit this document on counsel's behalf.

## [~~PROPOSED~~] ORDER

Having considered the parties' Stipulated Request and good cause appearing therefor,

IT IS HEREBY ORDERED that the Stipulated Request is granted, as set forth in the Stipulation above:

The deadline within which to hold the VDRP session shall be extended to **December 31, 2015**.

The Scheduling Order (Dkt. 24) shall be amended to reflect the deadlines listed below:

1. The deadline for Expert Disclosure and the production of Rule 26(a)(2) Reports shall be extended from December 7, 2015 as follows: Expert Disclosure and Rule 26(a)(2) Reports must be produced by no later than **February 15, 2016**;

2. The deadline for Rebuttal Expert Disclosure and Rule 26(a)(2) production shall be extended from January 11, 2016[3] as follows: Rebuttal Expert Disclosure and Rule 26(a)(2) Reports must be produced on or before **March 21, 2016**;

3. All other deadlines, hearings, and the Pretrial Conference and Trial dates shall remain as set.

**IT IS SO ORDERED.**

DATED: November 9, 2015

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The Status (Pretrial Scheduling) Order states "January 11, 2015" – but this meant January 11, 2016.